

STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

December 20, 2007

Travelers Casualty & Surety Co Of Am
2908 Poston Avenue, % C S C
Nashville, TN 37203
NAIC # 31194

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7006 2760 0002 9673 4476
Cashier # 7144

Re: Galen Medical Group, P.C.  V.  Travelers Casualty & Surety Co Of Am

Docket # 07-1057

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Complaint For Declaratory Judgment was served on me on December 18, 2007 by Galen Medical Group, P.C. pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Chancery Court of Hamilton County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
Hamilton County
201 East Seventh Street, Rm 300
Chattanooga, Tn  37402

Service of Process 615.532.5260

Exhibit A

IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESSEE
RECEIVED
12-12-07
Clerk & Master

| | |
|---|---|
| GALEN MEDICAL GROUP, P.C.<br><br>    Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY and SURETY COMPANY OF AMERICA,<br><br>    Defendant. | DOCKET NO: 07-1057<br><br>PART: |

## SUMMONS

**TO DEFENDANT:** Travelers Casualty and Surety Company of America
                        One Tower Square, 2S2
                        Hartford, CT 06183

**OTHER SERVICE INFORMATION:** Serve through Commissioner of Insurance

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, Hamilton County Courthouse, Suite 300, 201 East 7th Street, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**ISSUED & TESTED** this 13th day of _December_, 20 07.

S. LEE AKERS, CLERK & MASTER
By: _____
DEPUTY CLERK & MASTER

Michael E. Richardson
Plaintiff' Attorney
Horton, Maddox & Anderson, PLLC    BPR#7191
835 Georgia Avenue, Ste. 600
Chattanooga, TN. 37402

423/265-2560                423/265-3039
Tel. N0.                           Fax N0.

2007 DEC 26 AM 10: 32

FILED

**NOTICE TO DEFENDANT(S)**
Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESSEE

GALEN MEDICAL GROUP, P.C.        )
                                 )
    Plaintiff,                   )
                                 )     DOCKET NO: 07-1057
vs.                              )
                                 )     PART:
                                 )
TRAVELERS CASUALTY and SURETY    )
COMPANY OF AMERICA,              )
                                 )
    Defendant.                   )

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Galen Medical Group, P.C., by and through counsel, hereby brings this Complaint for Declaratory Judgment against defendant Travelers Casualty and Surety Company of America, and for its causes of action would show as follows:

I.

Plaintiff Galen Medical Group, P.C. (hereinafter referred to as "Galen") is a professional corporation of doctors practicing in a multi-specialty practice in Hamilton County, Tennessee.

II.

Defendant Travelers Casualty & Surety Company of America (hereinafter referred to as "Travelers" or "defendant insurance company") is alleged to be an insurance company which previously entered into an insurance contract with the plaintiff.

III.

The plaintiff would show that it has previously purchased from the defendant insurance company a healthcare Directors and Officers Protection PLUS+ Policy,

1

2007 DEC 12 PM 3: 2.

FILED

Policy No: 064-LB-103497409. The plaintiff would show that under the insuring agreement of the referenced insurance contract entered into between the plaintiff and defendant, the defendant insurance company would pay on behalf of the plaintiff losses resulting from claims first made during the policy period against the insured person for wrongful acts, including wrongful employment practices. The defendant has a copy of the referenced insurance contract.

IV.

The plaintiff had the above-referenced insurance coverage with the defendant insurance company during the calendar year 2005 and the policy period for that timeframe had an inception date of 01/04/2005 and an expiration date of 01/04/2006. The plaintiff renewed the above-referenced policy and had this same coverage for the calendar year 2006, with an inception date of 01/04/2006 and an expiration date of 01/04/2007.

V.

The plaintiff would show that in October 2005 it terminated Michael Daubner from employment with Galen Medical Group, P.C., who was a doctor who had been practicing with Galen. The plaintiff had just and proper cause to terminate Daubner, but not withstanding that, Daubner subsequently filed a lawsuit against Galen Medical Group, P.C. in the Bradley County, Tennessee Circuit Court on or about December 21, 2005. This lawsuit was served upon Galen on or about January 4, 2006, Docket No: V-05-1001, which is currently pending in the Bradley County, Tennessee Circuit Court. In the referenced lawsuit, Daubner claimed that Galen

2

Medical Group, P.C. had wrongfully terminated him from his employment with Galen.

VI.

Subsequent to the first lawsuit being filed, Michael Daubner later filed a second lawsuit involving Daubner's termination from employment by Galen Medical Group, P.C., Docket No: V-06-892, which is currently pending in the Bradley County, Tennessee Circuit Court. The second Daubner lawsuit was filed against doctor's Walter Parkhurst, Barry Crabtree, Donald Hartsfield, Teddy Jacobson, Mark McKenzie, Larry Shuster, Jay White and Munford Yates. These individual doctors, who were sued by Daubner in the second lawsuit, served on the Board of Directors of Galen Medical Group, P.C. and Daubner alleged in the second lawsuit that the individual directors had failed to comply or otherwise adhere to the Bylaws of Galen Medical Group, P.C. in determining to terminate Daubner's employment. The second Daubner lawsuit, which was filed against the individual Board of Directors' members, was filed on or about October 27, 2006 and was served on the individual board members on or about November 7, 2006.

VII.

The plaintiff would show that it gave notice of both lawsuits to the defendant insurance company at about the same time as the service of the second Daubner lawsuit, in early November 2006. Notwithstanding that the plaintiff provided notice of both claims to the defendant insurance company within the policy period, Travelers has now denied any coverage to Galen Medical Group, P.C. for the

3

allegations brought against it in the first Daubner lawsuit, based upon a contention by Travelers that notice of the first claim was not given in a timely fashion.

VIII.

The insurance policy at issue provides that in the event of a claim made against the insured, written notice of the claim "shall be provided to the company as soon as practicable but in no event later than sixty (60) days after the expiration of the policy period or, if purchased, the extended reporting period." (Section XIII. CONDITIONS A. of the policy) The plaintiff would show that it provided to the defendant insurance company notice of the first Daubner lawsuit before the expiration of the policy period. The plaintiff avers and charges that defendant Travelers has wrongfully denied coverage to it for the allegations brought against Galen in the first Daubner lawsuit suit.

IX.

The plaintiff asks the Court to review the relevant facts and circumstances and construe the insurance policy at issue and enter a declaration that Travelers must afford coverage to Galen Medical Group, P.C. under the relevant insurance policy for the allegations brought against it in the first lawsuit filed by Michael Daubner.

X.

In addition to the foregoing, the plaintiff would show that defendant Travelers has also interposed a number of reservation of rights with respect to coverage to be afforded to the individual Board of Directors' members. Included in the reservation of rights, Travelers has told the plaintiff that it would apportion defense costs for the second Daubner lawsuit and Travelers has taken the position that it would only afford

4

coverage for fifty (50%) percent of any covered loss, including defense expenses, incurred in connection with the second Daubner lawsuit filed against the individual Board of Directors' members. The plaintiff would show that this attempted apportionment of coverage is wrongful and contrary to the terms of the referenced insurance policy.

The plaintiff asks the Court to further review the facts and circumstances regarding this apportionment decision taken by Travelers and enter a declaration that Travelers must pay for one hundred (100%) percent of any covered loss related to the second lawsuit filed by Michael Daubner.

WHEREFORE, PLAINTIFF PRAYS relief as follows:

a. that process issue and be served upon the defendant requiring it to answer this Complaint within the time allowed by law;

b. that the Court review the insurance policy at issue and the relevant facts and circumstances and enter a declaratory judgment, adjudicating that Travelers must afford coverage to the plaintiff for the allegations brought against plaintiff in the first Michael Daubner lawsuit;

c. that the Court further review the facts and circumstances regarding defendant Travelers attempt to apportion or otherwise limit its exposure relating to the second Daubner lawsuit and enter a declaratory judgment adjudicating that Travelers must fully pay for any covered loss and otherwise adhere to its obligations under the referenced insurance policy;

d. that the plaintiff recover its discretionary costs;

5

e. that the plaintiff have such other and further relief to which it may be entitled.

Respectfully submitted,

HORTON, MADDOX & ANDERSON, PLLC

_____
Michael E. Richardson, BPR#7191
Attorney for Plaintiff
835 Georgia Avenue, Ste. 600
Chattanooga, TN. 37402
423/265-2560

6

| | |
|---|---|
| GALEN MEDICAL GROUP, P.C. ) | |
| ) | |
| Plaintiff, ) | |
| ) | DOCKET NO: |
| vs. ) | |
| ) | PART: |
| ) | |
| TRAVELERS CASUALTY and SURETY ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COST BOND

I hereby acknowledge and bind myself for the payment of all non-discretionary costs that may be adjudged herein against Plaintiff, the principal, in the event that the principal does not pay them.

Witness my hand this _12th_ day of _December_, _2007_.

_____
SURETY

HORTON, MADDOX & ANDERSON, PLLC
835 GEORGIA AVENUE, STE. 600
CHATTANOOGA, TN. 37402
423/265-2560

*(Surety on a bond for costs shall not be released from the obligation as surety until there is provision for surety as required for the commencement of a lawsuit)*

2007 DEC 12 PM 3: 27

FILED